**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1646

CHRISTOPHER WHITTEN,

Plaintiff - Appellant,

versus

HARTFORD LIFE GROUP INSURANCE COMPANY, d/b/a
CNA Group Life Assurance Company,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  James C. Cacheris, Senior
District Judge.  (1:05-cv-01050-JCC)

Argued:  May 23, 2007                    Decided:  June 26, 2007

Before WILKINSON and SHEDD, Circuit Judges, and Frank D. WHITNEY,
United States District Judge for the Western District of North
Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Craig Littleton Parshall, Winchester, Virginia, for
Appellant.  David Edward Constine, III, TROUTMAN & SANDERS, L.L.P.,
Richmond, Virginia, for Appellee.  **ON BRIEF:** Laura D. Windsor,
TROUTMAN & SANDERS, L.L.P., Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Whitten appeals the district court's grant of summary judgment in favor of Hartford Life Group Insurance Company ("Hartford") in this action brought pursuant to the Employee Retirement Income Security Act ("ERISA") to obtain long-term disability benefits. Finding no error, we affirm.

I

A.

This action arises out of Whitten's employment by DynCorp, Inc. ("DynCorp") as a warehouse specialist.[*] As such, Whitten's job responsibilities included driving a forklift, loading and lifting boxes that weighed up to fifty pounds, and working on a computer. During his employment at DynCorp, which ended on May 8, 2001, Whitten participated in an employee welfare benefit plan ("the Plan") sponsored by DynCorp and insured by Hartford.

In May 2001, Dr. Michael Hasz diagnosed Whitten with lumbar annual tears, segmental instability of the lumbar spine, lumbar facet syndrome, and lower back pain. On May 10, 2001, Whitten underwent an anterior lumbar diskectomy, partial vertebrectomy, and interbody fusion at the L4-L5 level of his lumbar spine. Effective

---

[*]We recite the facts here largely as they were presented by the district court in its opinion. In so doing, we view the facts in a light most favorable to Whitten. Garofolo v. Donald B. Heslep Assocs., Inc., 405 F.3d 194, 198 (4th Cir. 2005).

May 24, 2001, Whitten began to receive short-term disability benefits from CNA Group Life Assurance Company ("CNA"), Hartford's predecessor in the policy at issue.

During post-operation office visits to Dr. Hasz on July 11, September 5, October 17, 2001, and January 3, 2002, Whitten complained of continuing lower back pain. After each of these visits, Dr. Hasz extended Whitten's return-to-work date. Based on Dr. Hasz's opinions, CNA extended Whitten's short-term disability benefits and eventually granted him long-term disability benefits in November 2001. To alleviate the reported pain, Dr. Hasz performed follow-up surgery on March 26, 2002 to stabilize the L4-L5 fusion. After the second surgery, Whitten continued to complain of lower back pain. Dr. Hasz examined Whitten again on October 23, 2002. During this office visit, Whitten reported headaches, visual changes that looked like lightning and dancing lights, right arm pain, and right leg pain. Whitten reported that the vision problems had been ongoing since a 1998 automobile accident and stated that he planned to see an ophthalmologist. Dr. Hasz referred Whitten to another physician to evaluate whether the arm pain indicated carpal tunnel syndrome. On December 17, 2002, Dr. Aysegul Soyer conducted an electrodiagnostic test of Whitten's upper extremities and found that the results were abnormal and consistent with bilateral carpal tunnel syndrome.

When Whitten next saw Dr. Hasz, on July 21, 2003, Whitten reported back pain, symptoms associated with carpal tunnel syndrome, neck pain, shoulder pain, headaches, and visual disturbances. Based on the multiplicity of symptoms reported by Whitten, Dr. Hasz concluded that Whitten was disabled from work and unable to perform any job. On September 9, 2003, Whitten met with Dr. Douglas Wisor, a pain management physician, who recommended physical therapy targeted toward Whitten's cervical and lumbosacral spine. Whitten also consulted with Dr. Charles Azzam in September 2003 for an evaluation of his possible carpal tunnel syndrome. In October 2003, Whitten successfully underwent carpal tunnel release surgery on his right hand. Whitten also consulted with Dr. Biony Jani, an ophthalmologist, and Dr. Paul Hoffman, a neuroophthalmologist, in October 2003. Dr. Jani's examination revealed nothing remarkable, and Dr. Hoffman's examination was normal, with no evidence of optic neuropathy. Dr. Hoffman stated that Whitten's vision problems could be attributable to an injury to Whitten's occipital cortex that occurred during the 1998 automobile accident.

B.

Under the Plan, Whitten is "totally disabled" and entitled to disability benefits if, inter alia, during the first two years of his injury or sickness he is unable to perform his own occupation. After two years, Whitten is "totally disabled" only if he (1) is

4

"continuously unable to engage in <u>any occupation</u> for which he is or becomes qualified by education, training, or experience," and (2) is under the care of a licensed physician. J.A. 472 (emphasis added).

In October 2002, CNA conducted a vocational assessment of Whitten's ability to perform alternate occupations based on the medical restrictions listed by Dr. Hasz. CNA concluded that Whitten was able to perform several alternative occupations, including security systems monitor, inside sales agent, telephone collections agent, and rental agent. On January 28, 2003, CNA informed Whitten that his long-term disability benefits would cease on November 21, 2003. While CNA conceded that Whitten remained disabled from his own occupation as a warehouse specialist, CNA determined that Whitten was able to perform alternative occupations for which he was qualified. Therefore, under the Plan's definition of total disability, Whitten was not disabled.

On December 16, 2003, CNA received a report from Dr. Eugene Truchelut, a physician with the American Board of Internal Medicine who reviewed Whitten's medical records. Dr. Truchelut concluded that Whitten's symptoms required some occupational restrictions but that Whitten displayed no impairment which would preclude him from performing work that required a low level of physical exertion. On April 14, 2004, CNA denied Whitten's renewed claim for continued long-term disability benefits. Whitten appealed the denial and

provided additional medical records from his consultations with various doctors at the Veterans' Administration Medical Center ("VAMC").

In October 2004, Hartford, as the claims administrator of Whitten's disability policy, engaged University Disability Consortium ("UDC") for purposes of providing an independent medical record review of Whitten's file, including the VAMC records that he had provided on appeal. UDC assigned the file to Dr. Carl Huff, who reviewed the entirety of Whitten's file, spoke with Dr. Hasz, and concluded that Whitten was "capable of resuming work at a light level according to the Department of Labor Guidelines as of 4/04 to the present time, which is occasionally lifting 10 pounds, frequently lifting 10 pounds with no restriction on sitting, standing, or walking." J.A. 147. On November 22, 2004, Hartford denied Whitten's appeal.

Whitten filed this action in the district court, challenging Hartford's denial of benefits. The parties agreed to resolve the case solely on the administrative record and to forego discovery. Despite this, Whitten filed several reports from VA doctors which were not part of the administrative record and which post-dated Hartford's denial of benefits. One of these reports opined that Whitten was disabled and unable to perform any job. Hartford moved to strike these reports, and both parties moved for summary

6

judgment.  The district court granted Hartford's motion to strike and its motion for summary judgment.

In awarding summary judgment to Hartford, the district court held that Whitten had presented no medical evidence which supported his claim of total disability, in that the one physician who opined that Whitten was disabled changed his view after a subsequent review of Whitten's medical records.  The court noted that Hartford, on the other hand, obtained two independent medical reviews which supported a finding that Whitten was not disabled. Further, the court considered the Social Security Administration's ("SSA") finding that Whitten is disabled but discounted the relevancy of that finding due to the differing definitions of disability used by SSA and the Plan.  Therefore, the district court found that as he had presented no evidence indicating that he was totally disabled, Whitten had not met his burden of proof under ERISA.  Whitten now appeals.


II

Because Hartford did not reserve discretion in its adjudication of Whitten's benefits claim, the district court properly reviewed de novo the denial of Whitten's claim. Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101 (1989).  We, in turn, review de novo the district court's grant of summary judgment, "viewing the facts in the light most favorable to, and drawing all

reasonable inferences in favor of, the nonmoving party." Garofolo, 405 F.3d at 198. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The relevant inquiry in a summary judgment analysis is whether the evidence presents a sufficient disagreement to require submission to a factfinder or whether it is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). We review for abuse of discretion the district court's decision to strike the additional materials which Whitten submitted. Shaw v. Stroud, 13 F.3d 791, 804 (4th Cir. 1994).

Having reviewed the record and the applicable law pursuant to the standard set forth above, and having had the benefit of oral argument, we conclude that the district court did not err in granting summary judgment in favor of Hartford. We additionally conclude that the district court acted within its discretion when it granted Hartford's motion to strike the additional materials submitted by Whitten. Accordingly, we affirm based on the reasoning of the district court. Whitten v. Hartford, 1:05-cv-1050-JCC (E.D. Va. April 28, 2006).

AFFIRMED

8